# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARBER,<br><br>   Petitioner,<br><br>  v.<br><br>C. PFIFFER, Warden,<br><br>   Respondent. | Case No. CV 19-8927 DMG (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses Petitioner's defective habeas corpus action without prejudice.

\* \* \*

1. Petitioner Barber was convicted of attempted murder and other charges in state court. The trial court sentenced him to life in prison.

2. After state appellate proceedings, Petitioner filed a habeas petition in this federal court pursuant to 28 U.S.C. § 2254 to challenge his conviction. The Court denied habeas relief in 2016. Barber v. Sherman, No. CV 15-6327 DMG (MRW) (C.D. Cal.). The Ninth Circuit denied

1 | Petitioner a certificate of appealability in early 2018. (CV 15-6327, Docket
2 | # 34.)
3 |     3.    Petitioner apparently wanted review of the matter in the United States Supreme Court. He sought and obtained a brief extension of his filing deadline from that court. However, owing to the closure of a prison library, he contends that he was ultimately not able to file a timely writ of certiorari with the Supreme Court. According to letters attached to the petition in the current matter, the Supreme Court denied Petitioner's request to consider materials that he filed after the relevant deadline. (Docket # 1 at 10.)

    4.    Petitioner filed this action in October 2019. He filed a form petition under Section 2254. The gist of the petition was not a challenge to his attempted murder conviction. Rather, the petition contends that Petitioner was "deni[ed] access to the court" because he was prevented from filing a timely certiorari application. (Docket # 1 at 5-6.) On that basis, Petitioner contends that prison officials violated his constitutional rights in 2018 by closing the library.

    5.    Magistrate Judge Wilner issued a screening order regarding the petition. (Docket # 3.) That order noted that Petitioner's habeas action did not set forth any claim for relief of his conviction under Section 2254. Judge Wilner informed Petitioner that a habeas corpus action was not the proper method of pursuing this grievance. A civil rights action might be, but the magistrate judge declined to convert the petition to a civil complaint. (Docket # 3 at 2 n.1 (citing <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971)).)

    6.    Judge Wilner also directed Petitioner to submit a supplemental statement explaining whether he intended to pursue the flawed habeas

| | |
|---|---|
| 1 | action. (Id.) Petitioner's response indicated that the relief he wanted was |
| 2 | "to get my writ of cert heard" in the Supreme Court. (Docket # 5.) |
| 3 | * * * |
| 4 | 7. If it "appears from the application that the applicant or person |
| 5 | detained is not entitled" to habeas relief, a court may dismiss a habeas |
| 6 | action without ordering service on the responding party. 28 U.S.C. § 2243; |
| 7 | see also Rule 4 of Rules Governing Section 2254 Cases in United States |
| 8 | District Courts (petition may be summarily dismissed if petitioner plainly |
| 9 | not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit |
| 10 | proposed order for summary dismissal to district judge "if it plainly |
| 11 | appears from the face of the petition [ ] that the petitioner is not entitled to |
| 12 | relief"). |
| 13 | 8. Petitioner's current habeas corpus action patently cannot lead |
| 14 | to relief. Section 2254 actions are limited to challenges to the |
| 15 | constitutionality of the state court judgment that led to the incarceration of |
| 16 | an inmate. 28 U.S.C. § 2254(a, d). The current action seeks, however, an |
| 17 | order from this district court requiring the Supreme Court to take up |
| 18 | Petitioner's underlying case. That is not an appropriate or authorized |
| 19 | result of a habeas corpus claim. |
| 20 | 9. Moreover, Judge Wilner did not abuse his discretion in |
| 21 | declining to convert the petition into a civil rights action. On its face, the |
| 22 | petition does not adequately identify any alleged tortfeasor at Petitioner's |
| 23 | previous prison, not does it set forth a comprehensible claim that could |
| 24 | plausibly lead to damages.[1] Wilwording, 404 U.S. at 251. |

---

[1] The Court notes that Petitioner Barber previously litigated several civil rights claims in this district regarding the conditions of his confinement and other issues. See, e.g., Barber v. Santa Barbara County, No. CV 13-4645 DMG (MRW) (C.D. Cal.); Barber v. Santa Barbara County, No. CV 11-2365 DMG (MLG) (C.D. Cal.). He knows the difference between habeas and civil rights actions.

10. Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: January 2, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE